UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                          :          CHAPTER 11
                                                :
PAULO SANTANTA and                              :          CASE NO. 21-11861-EPK
JENNIFER SANTANA,                               :
    Debtor.                                     :

**UNITED STATES TRUSTEE'S OBJECTIONS TO
DEBTOR'S DISCLOSURE STATEMENT (ECF #43)**

The United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), submits the following objections to the disclosure statement and proposed plan filed by the Debtors in the above-styled Chapter 11 proceeding.

Title 11 of the United States Bankruptcy Code §1125(b) requires the Bankruptcy Court to specifically find the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors. Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . ."

In the absence of amendments to deal with such matters as is noted below, the United States Trustee moves the Court to not approve the proposed Disclosure Statement "as containing adequate information."

## OBJECTIONS

1. The disclosure statement fails to indicate whether the Mr. Santana's business is operated through one of the LLCs listed on the schedules (Santana Stables, LLC or Santana Equestrian Private Financial LLC).

2. The disclosure statement fails to provide sufficient information regarding the litigation related to the sale of a horse that occurred post-petition. If this litigation is impairing the Debtor's ability to recover post-COVID[1], more information should be disclosed and projections should be included.

3. To the extent Mrs. Santana's family is providing funds to assist with the plan payments, more detail regarding the amount of assistance and ability to fund need to be provided.

4. The disclosure statement indicates the Debtors have no priority claims however, the Internal Revenue Service filed amended proof of claim 17-2 reflecting a secured claim of $515,719.94 and a priority claim in the amount of $4,337.95.

5. The disclosure statement fails to explain why the Debtors believe the Internal Revenue Service's claim 8 is secured only to $13,100.80. Has the Service agreed to such valuation? The U.S. Trustee notes that, on August 26, 2021, the Debtors filed a Motion to Value and Determine Status of Lien of IRS (ECF #41) and a hearing is set for October 6, 2021. The disclosure statement should be updated to reflect the outcome of this hearing,

6. The disclosure statement does not address claim 18 filed by Financial Pacific Leasing in the amount of $79,510.20.

7. The General Unsecured Claims listed on page 5 do not include several unsecured claims listed on the Debtors' schedule E/F:

    a.  Barclays           $40,866

---

[1] See Page 3 of the disclosure statement related to the "History of the Debtors."

2

      b. Barclays           $2,205
      c. Capital One     $901
      d. Citibank         $39,282
      e. Citibank         $10,815
      f. Comenity       $444
      g. GS Bank USA   $5,131
      h. Nordstrom's Visa $8,579
      i. Regions Bank   $24,550
      j. Target           $3,280

8. The disclosure statement and plan should include corrected language regarding the filing of monthly reports and post-confirmation reports and the payment of U.S. Trustee's fees.

9. The U.S. Trustee submits that Class 1 is impaired and entitled to vote to accept or reject the plan.

10. The disclosure statement should explain why the treatment of Class 2 complies with 11 U.S.C. § 1129(a)(9)(D).

11. The disclosure statement and plan contain incorrect language regarding the Debtors' discharge.

12. The disclosure statement fails to attach projections establishing the Debtors' ability to fund the proposed payments (including support payments made by family members).

13. The disclosure statement fails to contain sufficient information and projections relevant to the creditors' decision to accept or reject the proposed plan.

     WHEREFORE, the United States Trustee shows the disclosure statement does not contain adequate information as required by 11 U.S.C. §1125, which would permit a party in interest to reach an informed judgment concerning the plan and moves the Court to enter an order denying approval of the disclosure statement, unless the necessary changes are made to correct the

deficiencies set forth above, and requests to be heard at a hearing on this matter. See generally,

*In re: Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D.Ga. 1984).

                          MARY IDA TOWNSON
                          United States Trustee

                          ___/s/_____
                          HEIDI A. FEINMAN
                          Trial Attorney
                          Florida Bar No. 0879460
                          Office of the U.S. Trustee
                          51 SW First Street, Room 1204
                          Miami, FL 33130
                          (305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S DISCLOSURE STATEMENT (ECF #43)** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest and via U.S Mail, First Class to the following parties.

| | |
|---|---|
| April Harriott | aharriott@raslg.com |
| David Himelfarb | dhimelfarb@mccarter.com |
| Keith S Labell | klabell@raslg.com, klabell@raslg.com |
| Susan D. Lasky | ECF@suelasky.com, ecfsuelasky@gmail.com; r48532@notify.bestcase.com |
| Gary J Lublin | arivera@rushmarshall.com |
| Gavin N Stewart | bk@stewartlegalgroup.com |
| Raychelle A Tasher | Raychelle.Tasher@usdoj.gov, Milton.Pacheco@usdoj.gov; Shannon.Patterson@usdoj.gov |

BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Synchrony Bank
PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

      I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and the I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

      DONE this the 30th day of Septmber, 2021.

                                                                       _____/s/_____
                                                                  HEIDI A. FEINMAN
                                                                  Trial Attorney