UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                                 CASE NO.: 21-11861- EPK

PAULO SANTANA AND
JENNIFER SANTANA                                          In proceedings under Chapter 11

Debtors.
_____/

## DEBTORS' THIRD AMENDED PLAN OF REORGANIZATION

Paulo Santana and Jennifer Santana hereby submit to their creditors their Third Amended Plan of Reorganization (the "Plan"), to be consistent with the Court approved Third Amended Disclosure Statement (the "Disclosure Statement") pursuant to Chapter 11 of title 11, United States Code.

## ARTICLE 1
## DEFINITIONS

Except as otherwise indicated, the terms used in the Code and applicable Bankruptcy Rule will have the meanings provided for therein. In addition, the following terms will have the following meaning:

"Administrative Claimant" will mean any person entitled to payment of an administrative expense.

"Administrative Expense" will mean any cost or expense of administration of the Chapter 11 cases entitled to priority under §507(a)(1) and allowed under §503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtors' Estate, and actual and necessary expenses of operating any business of the Debtors to the extent allowed by the Bankruptcy Court under the Bankruptcy Code and any fees or charges assessed against any

of the Debtors' Estates under Chapter 11, Title 28, United States Code.

"<u>Allowed Claim</u>" will mean a claim as defined in Section 101(4) of the Code with respect to which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Bankruptcy Rule 3003, or scheduled in the list of creditors prepared and filed with the Court, pursuant to Bankruptcy Rule 1007(b), and not listed as disputed, contingent or unliquidated as to amount and in either case, as to which no objection to the allowance thereof has been filed within any applicable period of limitation.

"<u>Allowed Priority Claim</u>" will mean an Allowed Claim entitled to priority under §507(a) of the Code.

"<u>Allowed Priority Tax Claim</u>" will mean an Allowed Priority Claim entitled to priority under §507(a)(8).

"<u>Allowed Priority Wage Claim</u>" will mean an Allowed Priority Claim entitled to priority under §507(a)(3).

"<u>Allowed Secured Claim</u>" will mean an Allowed Claim which is secured by a lien on property of the Estate of the Debtors or on the proceeds thereof, and which is valid, perfected and enforceable under applicable law and is not subject to avoidance under the Code or applicable non-bankruptcy law.

"<u>Allowed Unsecured Claim</u>" will mean a claim against the Debtors which is not an Administrative Expense, Allowed Priority Claim, Allowed Secured Claim or the claim of an equity security interest holder.

"<u>Bankruptcy Rules</u>" will mean the rules of bankruptcy procedure governing cases under Title 11 of the United States Code as from time to time amended.

"<u>Case</u>" will mean these Chapter 11 Proceedings commenced by the Debtors on the filing

date.

"Code" will mean the Bankruptcy Reform Act of 1978, 11 U.S.C. §101, et. seq., as amended.

"Confirmation or Confirmation Date"  The date of the entry of an Order by the Bankruptcy Court confirming this Plan,  provided such Order becomes final.

"Court" will mean the United States Bankruptcy Court for the Southern District of Florida, having jurisdiction over the Case.

"Debtors' Estate" will mean all property of the Estate as defined by 11 U.S.C. §541.

"Effective Date" will mean the date upon which Debtors make their payment under the Plan, which will be no later than 30 days from the date the Confirmation Order becomes final.

"Escrow Agent"  will mean Susan D. Lasky, Esquire.

"Escrow Fund"  will mean a  bank account maintained by the Susan D. Lasky, PA on behalf of the  Escrow Agent and any interest earned thereon.

"Final Order" will mean an Order of the Bankruptcy Court as to which: a) any appeal has been taken has been finally determined or dismissed; b) the time for appeal has expired and no Notice of Appeal has been filed; or c) if an appeal, reargument, certiorari, or rehearing thereof has been sought, such Order has not been stayed.

"Petition Date" will mean February 26, 2021.

"Rejection Claim" will mean a claim arising under §502(g) of the Code from the rejection of an executory contract or unexpired lease of the Debtors.

"Reorganized Debtors" will mean "Paolo and Jennifer Santana " after the Confirmation of the Plan proposed herein.

## ARTICLE 2
## ADMINISTRATIVE EXPENSES

Administrative Expenses of the type specified in 11 U.S.C. §503, §506(c) and §507(a)(1) which are authorized and allowed by the Court will be paid in full at Confirmation or as otherwise agreed upon between the parties. Susan D. Lasky, Esquire is holding a retainer of $10,000.00 . No additional payments were made by Debtors during the pendency of the case. All fees for professional compensation payable from Debtors' funds are subject to Court approval.

Notwithstanding any other Plan provisions to the contrary, until the Effective Date of a confirmed Plan, the Debtor will timely file with the Court all monthly operating reports and will timely pay the U.S. Trustee the appropriate sums required pursuant to 28 U.S.C. §1930(a)(6). No later than two (2) days after the occurrence of the Effective Date of the confirmed Plan, the reorganized debtor will file with the Court a "Notice of Effective Date" identifying the Effective Date and stating that it has occurred. Following the Effective Date of the confirmed Plan, the reorganized debtor and any other authorized parties who have been charged with administering the confirmed plan must each timely complete and file the post-confirmation report on a calendar quarterly basis and pay the U.S. Trustee appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) until one of the following is entered on the docket: (1) a Final Decree; (2) an order converting the case to another chapter; or (3) an order dismissing the case

## ARTICLE 3
## PRIORITY CLAIMS

Priority Tax Claims. **Priority Tax Claims**.  Internal Revenue Service $4,337.95 Proof of claim 17-2 will be on the Effective Date.

## ARTICLE 4
## CLASSIFICATION AND TREATMENT OF CLAIMS

**CLASS 1** will consist of the Allowed Secured of  U.S. BANK NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLEY AS TRUSTEE OF

GCAT 2019 -NQM1 TRUST (U.S. Bank) which filed Claim No. 8-2 in the amount of $996,738.99. This secured claim arises from a Note to Homexpress Mortgage Corp. in the amount of $975,000.00. The Note is secured by a first mortgage on Debtors' homestead located at 2865 Polo Island Dr. Wellington Fl 33414, legally described as follows:

> Lot 1, of POLO ISLAND OF PALM BEACH POLO AND COUNTRY CLUB WELLINGTON P.U.D,

The Mortgage was recorded July 24, 2018 in the Official Records Book 30011, at Page 561 of the Public Records of Palm Beach County.

Upon the Effective Date, US Bank will be free to assert its contractual and state law rights with respect to the Residence, including the right to proceed with its foreclosure remedies. Debtors will, however, seek to market the Residence for the purpose of obtaining a sale price sufficient to pay in full the US Bank claim and the IRS secured claim against the Residence (Class 2). If Debtors cannot obtain an adequate sale price to pay off the two secured claims, they will not sell the house. Debtors think it unlikely that they will be able to obtain a high enough sale price to pay the two secured claims, estimated to require a price of $1,600,000.00, but they will attempt to do so.

**CLASS 2** will consist of the Allowed Secured of the Internal Revenue Service (IRS) which is secured by Debtor's personal property in the amount of $13,100.80 (Claim 17-2). The Debtor will pay the claim secured by the personal property on the Effective Date.

**CLASS 2** will consist of the Allowed Secured of the Internal Revenue Service (IRS) which is secured by Debtor's personal property in the amount of $13,100.80 (Claim 17-2). The Debtor will pay the claim secured by the personal property on the Effective Date. The IRS has amended Claim 17-1 to reclassify their general unsecured claim as secured by reason of a tax lien which is secured by the Debtor's homestead, in the amount of $502,619.14 ($515,719.94

less $13,100.80). The IRS will retain its lien on Debtor's real property. The portion of the IRS claim 17-2 which is alleged to be secured by a lien on the Homestead will be deemed to be satisfied from the equity in the homestead property, if any, and the IRS will not receive a distribution or be treated as a general unsecured creditor with respect to the amount of $502,619.14.

Upon the Effective Dat Debtors will, seek to market the Residence for the purpose of obtaining a sale price sufficient to pay in full the US Bank secured claim and the IRS secured claim against the Residence. If Debtors cannot obtain an adequate sale price to pay off the two secured claims, they will not sell the house. Debtors think it unlikely that they will be able to obtain a high enough sale price to pay the two secured claims, estimated to require a price of approximately $1,600,000.00, but they will attempt to do so.

**CLASS 3** will consist of the will consist of the Allowed Unsecured Claims. On the Effective Date, Class 3 creditors will be paid 5% of their allowed claim.

**CLASS 4** will consist of the allowed claim of First Republic Bank ("First Republic") in the amount of $1,200,122.15 (Claim 16) and the allowed claim of Michael O Preletz, Trustee ("Preletz") $1,215,080.62 (Claim 14). First Republic made a loan to the Debtors, which loan was unsecured as to the Debtors but guaranteed/secured by assets of Preletz. Preletz filed a contingent claim based upon his liability to First Republic. As such there is really only one debt in this class because Preletz will not be owed money until and unless he has paid First Republic. In any event, the Class 4 claimant will not receive a distribution under the plan of reorganization.

**CLASS 5** will consist of the individual Debtors, but will not receive any distribution under the plan.

## ARTICLE 5
## MEANS OF IMPLEMENTATION

5.1     Short Term Implementation. Prior to Confirmation the Debtors will establish an Escrow Fund to be maintained by the Escrow Agent, Susan D. Lasky, P.A. .  Michael O. Preletz will deposit sufficient funds into the Escrow Fund to pay monies required to fund hereunder. The Escrow Agent will be discharged after making the distribution required by the Plan or dismissal of the case, without further Order of the Court.

5.2     Long Term Implementation.  Not applicable.

## ARTICLE 6
## ACCEPTANCE OR REJECTION OF PLAN

6.1     Impaired Classes to Vote.  Each impaired class of creditors with claims against the Debtors' Estate will be entitled to vote separately to accept or reject the Plan. **Classes 1,2, 3 and 4 are impaired and will be entitled to vote.**

6.2     Acceptance by Class of Creditors. A Class of creditor will be deemed to have accepted the Plan if the Plan is accepted by at least two-thirds in amount and more than one-half in number of the Allowed Claims of such Class.

6.3     Cramdown.  In the event that the impaired Class of creditors with claims against any of the Debtors' Estate will fail to accept the Plan in accordance with §1129(a) of the Bankruptcy Code, the Debtors will request the Bankruptcy Court to confirm the Plan in accordance with §1129(b) of the Bankruptcy Code.

## ARTICLE 7
## EXECUTORY CONTRACTS

Absent specific assumption in this proceeding, all executory contracts and unexpired leases are deemed rejected, including but not limited to the Debtors lease agreement with BMW Financial Services, (Claim 5).

## ARTICLE 8

**PROCEDURES FOR RESOLVING DISPUTED CLAIMS AND REJECTION CLAIMS**

8.1     Provisions for Treatment of Disputed Claims. Debtors' object to Claim 5 in the amount of $97,831.47 filed by BMW.  This was a 36 month lease in the total amount fo $67,803.57, and Debtors have made ½ of the payments.  Debtors anticipate rejecting the lease with BMW dated 12/08 2019.

8.2     Provision for Rejection Claims. In the event the rejection of a contract or unexpired lease  gives rise to a Rejection Claim not otherwise provided for herein, the holder of such claim must file such claim within 30 days following the rejection of : (1) the unexpired lease or contract or (2) the Confirmation Hearing, whichever occurs first. Such claim must, in addition to its filing with the Bankruptcy Court, be served upon the undersigned attorney for the Debtors.

**ARTICLE 9**
**PROVISIONS FOR FUTURE MANAGEMENT**
**ARTICLES OF INCORPORATION AND BY-LAWS OF THE DEBTOR**

9.1 Officers and Directors.  Not applicable, the Debtors are individuals.

9.2 Articles of Incorporation and By-Laws.  Not applicable, the Debtors are individuals.

**ARTICLE 10**
**RETENTION OF JURISDICTION AND RESERVATION OF RIGHTS**

The assets of the Debtors will remain subject to the jurisdiction of the Bankruptcy Court until the Effective Date.  From and after Effective Date, the Bankruptcy Court will retain and have exclusive jurisdiction over the Reorganized Debtors for the purpose of determining disputes arising under this Plan, including, but not limited to, (a) to determine all disputes relating to claims and the allowance and amount thereof; (b) to consider and allow any and all applications for compensation for professional services rendered and disbursements incurred in connection therewith, during the pendency of the Chapter 11; (c) to determine any and all pending

applications, motions, adversary proceedings, and contested or litigated matters pending on the Effective Date and arising in or related to this Plan; (d) to modify this Plan as provided or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order; (e) to enforce the provisions of this Plan relating to the distributions to be made; and (f) to issue such Orders as may be necessary to effectuate the consummation and full and complete implementation of this Plan.

**Reservation of Rights Under Sections 1141(d)(5) and 350(a)**. The Debtors reserve the right, after confirmation, to seek the temporary closing of this bankruptcy proceeding prior to the entry of an Order of Discharge, upon the payment of the initial payment under the Plan, payment of all outstanding quarterly United States Trustees Fees, and the filing of any outstanding federal income tax returns. Such a request may be granted only upon notice and hearing, with notice to all creditors and interested parties. If such request is granted, then upon the satisfaction of all payments required to be paid inside the Plan to Class 3 creditors, the Debtors may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b), and the Court may then grant the Debtors a discharge, pursuant to 11 U.S.C. § 1141(d)(5). This paragraph only preserves the Debtors' right to seek the relief described above and does not conclusively grant such relief. Creditors' and interested parties' rights to object to such relief will similarly be preserved until such time as it is requested by the Debtors after confirmation.

## CHAPTER 11
## MISCELLANEOUS PROVISIONS

11.1    Discharge of Debtor.  The rights afforded in the Plan and the treatment of all creditors herein will be in exchange for and in complete satisfaction, discharge and release of the claims of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtors as the Debtors in Possession or any of their assets or property. Except as otherwise provided herein,  all such claims against the Debtors as the Debtors in Possession will be satisfied, discharged and released, in full,  in accordance with §1141(d) (5)(A)

of the Bankruptcy Code. All creditors will be precluded from asserting against the Debtors or their respective assets or property any other or further claim based upon any acts or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

    11.2    <u>Title to Assets: Discharge of Liabilities.</u>  Except as otherwise provided by the Plan on the Confirmation Date, title to all property dealt with by the Plan will vest in the Debtors, as the case may be, in accordance with §1141 of the Bankruptcy Code, free and clear of all claims and the Order confirming the Plan will be a judicial determination of discharge of the Debtors' liabilities, except as provided in the Plan.

    11.3    <u>Effect of Discharge on the Rights Between Third Parties.</u>  If the Plan is confirmed, the provisions of the Plan will bind the Debtors and all creditors, whether or not they accept the Plan.

    11.4    <u>Filing of Additional Documents.</u>  On or before the Effective Date, the Debtors will file with the Bankruptcy Court any documents that will be necessary to effectuate the Plan.

    11.5    <u>Section Headings.</u>  The section headings contained in the Plan are for reference purposes only and will not in any way affect the meaning or interpretation of the Plan.

        <u>s/ *Paolo Santana*</u>
        Debtor: Paolo Santana

        <u>s/ *Jennifer Santana*</u>
        Debtor: Jennifer Santana

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the Office of the United States Trustee on this 18th day of November, 2021, and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

        SUSAN D. LASKY, ESQUIRE
        Attorney for Debtors
        320 S.E. 18th Street
        Ft Lauderdale, FL 33316
        954-400-7474/954-206-0628 fax
        Sue@SueLasky.com

          By:*s/Susan D Lasky, Esq.*
          SUSAN D. LASKY, ESQ.
          Florida Bar No. 451096